The relief described hereinbelow is SO ORDERED.

Signed September 26, 2007.



_____
ROBERT D. BERGER
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

ELMEDA DELORES ANDREWS,  Case No. 07-20104
    Debtor.

MEMORANDUM OPINION AND ORDER
DENYING CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

    This contested matter is before the Court on the Objection to Confirmation of Chapter 13 Plan filed by Wells Fargo Bank, N.A.,[1] a creditor that holds the first priority mortgage in debtor's residence. The Court established a briefing schedule for the parties in the matters now under advisement.

*Payment of Interest on Arrearages*

    Wells Fargo objects to the provision under the debtor's plan that proposes to pay zero percent interest on prepetition arrearages owed to Wells Fargo. To the extent that the prepetition

---

[1] Doc. No. 17.

07.09.26 Andrews Deny Conf Order 2d.wpd

arrearages constitute interest, the debtor does not have to pay interest on same and Wells Fargo's objection to this provision is overruled. To the extent that the prepetition arrearages constitute any charge other than prepetition arrearages, then interest will accrue thereon at the discount rate of interest and, to this extent, Wells Fargo's objection is sustained. The Court notes that the plan states the debtor is holding $5,000 in escrow, which sum appears to constitute payments that Wells Fargo refused prior to the filing of the bankruptcy. What the plan does not state is whether this sum will be paid to Wells Fargo on confirmation of the plan, although it is this Court's supposition that such is the case. Since it is generally the rule that payments to a creditor are applied to interest first, then this payment shall be applied first to the interest portion of Wells Fargo's prepetition arrearage claim.

*Wells Fargo's Objection to Paragraphs 5 and 6 of Debtor's Plan*

This Court agrees with the objection filed by Wells Fargo that paragraphs 5 and 6 are too expansive and cumbersome. In lieu of paragraphs 5 and 6, this Court proposes the following model language:

> 5. The holders of claims secured by a mortgage on real property of the debtor proposed to be cured in the Home Mortgage section of this plan shall adhere to and shall be governed by the following:
>
> (A) *Prepetition defaults.* If the debtor pays the cure amount (arrearages) specified in the Home Mortgage section, while timely making all required postpetition payments, the mortgage will be current according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.
>
> (B) *Postpetition defaults.* On mortgage note obligations, within 60 days of issuing the final payment of the home mortgage cure amount (arrearages), the Trustee shall serve upon the mortgagee, its attorney, the debtor, and the debtor's attorney a notice stating that (1) the cure amount (arrearages) has been paid, satisfying all prepetition arrearage obligations of the debtor; (2) the mortgagee is

- 2 -

required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations; (3) if the debtor has failed to make timely payments of any postpetition obligations, within 60 days after the Trustee's notice, the mortgagee is required to file a Statement of Outstanding Obligations, consisting of an itemization of all outstanding payment obligations as of the date of its statement, with service upon the Trustee, the debtor, and the debtor's attorney; (4) if the mortgagee fails to file and serve a Statement of Outstanding Obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms and fully current as of the date of the Trustee's notice; and (5) if the mortgagee does serve a Statement of Outstanding Obligations within the required time, the debtor may (i) within 30 days of service of the Statement, challenge the accuracy thereof by motion filed with the court, to be served upon the mortgagee, its attorney, and the Trustee, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines are due. To the extent that amounts set forth on a timely filed Statement of Outstanding Obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the mortgagee to collect these amounts will be unaffected.[2]

*Mortgagee's Assessment or Collection of Postpetition Fees and Expenses*

The foregoing language does not provide a mortgagee an unrestrained license to charge pre-confirmation fees and expenses under § 506(b). Also, post-confirmation, fees and expenses charged by mortgagees remain subject to review by the bankruptcy court as to reasonableness.[3] Such postpetition fees and expenses are also limited pursuant to § 362(a)(3) and subject to review under the debtor's plan, state law, Fed. R. Bankr. P. 2016(a) and § 105(a).

---

[2] The proposed model plan language is, with only slight modifications, borrowed from the well-written and cogent decision authored by Judge Richard Stair, Jr., in *In re Collins*, slip copy, 2007 WL 2116416 (Bankr. E.D. Tenn. July 19, 2007).

[3] *Padilla v. Wells Fargo Home Mortgage, Inc. (In re Padilla)*, slip copy, 2007 WL 2264714 (Bankr. S.D. Tex. August 03, 2007); *Sanchez v. Ameriquest Mortgage Co. (In re Sanchez)*, --- B.R. ----, 2007 WL 2137790 (Bankr. S.D. Tex. July 24, 2007); *Jones v. Wells Fargo Home Mortgage (In re Jones)*, 366 B.R. 584, 602-03 (Bankr. E.D. La. 2007), "Bankruptcy courts can not function if secured lenders are allowed to assess postpetition fees without disclosure and then divert estate funds to their satisfaction without court approval." *See "Collection of secret fees condemned,"* 17 CONSUMER BANKRUPTCY NEWS, Issue 21, September 27, 2007, at 1& 6, collecting cases and reviewing the above courts' analyses and holdings.

IT IS SO ORDERED.

### 

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS